# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

AYNALEM G. WORKNEH,

        Plaintiff,

vs.

STARBUCKS CORPORATION,

        Defendant.

2:19-cv-00565-JCM-VCF

**ORDER**

MOTION TO COMPEL [ECF NO. 14]

COUNTER MOTION FOR A PROTECTIVE ORDER [ECF NO. 19]

Before the Court is plaintiff Aynalem G. Workneh's motion to compel. (ECF No. 14).

Also before the court defendant Starbuck Corporation's motion for a protective order. (ECF No. 19). Plaintiff's motion and defendant's motion are both granted in part and denied in part.

## BACKGROUND

Plaintiff alleges that defendant failed to maintain a wobbly table at a Starbucks coffee shop located at 4507 W. Flamingo Rd in Las Vegas which caused hot tea to spill and burn her thigh. (ECF No. 1-1 at 3). On January 16, 2019, plaintiff filed a complaint against Starbucks alleging negligence, strict products liability, and negligence (premises liability). (*Id.* at 4-9). This Court entered a scheduling order on April 26, 2019. (ECF No. 7). This Court also entered a stipulated protective order on May 20, 2019. (ECF No. 13). Plaintiff argues in the motion to compel that defendant failed to respond to interrogatory 21 and requests for production 1 and 7. (ECF No. 14 at 1). In interrogatory 21, the plaintiff seeks the location and date, each time between September 9, 2015 and September 9, 2018, a drink

spilled at Starbucks within Clark County, Nevada due to a wobbly table. (ECF No. 14-5 at 13). The defendant objected that the request was overly broad, unduly burdensome, and irrelevant. (*Id.* at 14).

In request for production 1, plaintiff seeks all written documentation for five years prior to plaintiff's spill that reflect incidents where a customer suffered from burns due to spilling a hot beverage. (ECF No. 14-4 at 2-3). In request for production 7 plaintiff asks for all correspondence that put Starbucks on notice of possible personal-injury claims regarding a burn incident within the past five years. (*Id*. at 5). Defendant responded to both requests for production as overbroad, unduly burdensome, and irrelevant. (*Id*. at 3 and 5). Plaintiff argues that discovery concerning other incidents are calculated to lead to the uncovering of similar incidents that occurred in substantially similar circumstances, which would show that defendant had notice. (ECF No. 14 at 5). Defendant states that the discovery is unduly burdensome because there are over 120 Starbucks stores in Nevada and 80 stores in Clark County. (ECF No. 17 at 15). Without waiving its objections, Starbucks both responded to the interrogatory, and disclosed documents, related to the subject store only. (ECF Nos. 14-5 at 3 and 14-4 at 3 and 5).

## DISCUSSION

"[P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[T]he scope of permissible discovery under Rule 26 is 'broad.'" *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) (quoting *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir.1993)). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "A party or any person from whom discovery is sought may move for a protective order in the court" on the grounds of "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Plaintiff limits interrogatory 21 to incidents that involved a spilled hot drink due to a wobbly table to three years prior to the incident and to all Starbucks located in Clark County. The Court finds that these limitations are calculated to obtain information that is proportional to the needs of the case

because the request is limited in time and scope and to instances like the event that plaintiff describes in her complaint. Though this information may not ultimately be admissible at trial, it is discoverable.

Plaintiff places different limits on her requests for production. In request 1, she seeks reports and related documents for the five years prior to plaintiff's spill. In request 7, she seek correspondence and similar documentation that placed defendant on notice of claims related to burn incidents in the past five years from the date of the request. Both requests seek documentation regarding burn incidents from all Starbucks stores. The Court agrees with the defendant that requests for all documents from all Starbucks stores would be unduly burdensome in this instance.

Plaintiff states in her motion that during the meet and confer, she agreed to limit requests 1 and 7 to all Starbucks in Nevada. (ECF No. 14 at 6). Plaintiff does not provide a persuasive reason for why she needs documents for the past five years or for five years prior to the incident from every Starbucks in Nevada. Plaintiff also does not adequately explain why she placed different limitations in her interrogatory regarding the wobbly table (i.e. three years and stores within Clark County). Documentation regarding prior burn incidents are discoverable because it could show that defendant was on notice that the temperature of hot water used at Starbucks is too hot, even if these documents may ultimately not be admissible.  The defendants must produce the documents described in requests for production 1 and 7 with the following limitations: 1) the documents described will be limited to incidents that arose in Clark County and, 2) the documentation will be limited to the dates September 9, 2015 through September 9, 2018.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 14) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendant's motion for a protective order (ECF NO. 19) is GRANTED IN PART AND DENIED IN PART.

Defendant must respond to interrogatory 21 in full.

Defendant must respond to requests for production 1 and 7 with the following limitations: 1) the documents described will be limited to incidents that arose in Clark County, and 2) the documentation will be limited to the dates September 9, 2015 through September 9, 2018.

IT IS SO ORDERED.

DATED this 9th day of September 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE